Dear Mayor Jordan:
You have requested an opinion of the Attorney General regarding the legal authority for the Sabine Parish Sales/Use Tax Commission (Commission) to supply the Village of Florien (Village) with information relating to the collection of its municipal sales and use taxes. You specifically ask the following questions:
1. Does a taxing jurisdiction, in general, or a mayor or city council, in particular, have the right to obtain information from the Commission concerning the collection of its tax?
2. Does a taxing jurisdiction, in general, or a mayor or city council, in particular, have the right to insist that the Commission take action against a taxpayer who is not fulfilling his tax obligation?
3. Does an individual Commission member have the right to obtain information from the Commission staff concerning the collection of taxes within the taxing authority he represents?
4. Does a Commission member have the right to insist that the Commission take action against a taxpayer who is not fulfilling his tax obligation?
5. Can the Commission deny a taxing authority access to information concerning the taxes it collects on behalf of the authority.
We find the following provisions of law to be relevant to your questions:
 R.S. 33:2844.1. Central collection commission
 A. In accordance with the provisions of Article VII, Section 3 of the Constitution of Louisiana, the sales and use taxes levied by political subdivisions within a parish shall be collected by a central collection commission in those parishes where a single collector of sales and use taxes has not been established by July 1, 1992.
 B. (1) The parish central collection commission shall consist of one representative from each political subdivision within the parish which levies a sales and use tax.
 * * *
 C. (1) Notwithstanding any other provision of this Section to the contrary, the central collection commission of the parish of Sabine shall be composed of nine members selected as follows:
 (a) Each municipality in the parish which levies a sales tax shall select a representative.
 (b) The parish school board shall select two representatives.
 (c) The parish police jury shall select two representatives.
 (d) One at-large member shall be selected to the commission jointly by the police jury and the school board.
 R.S. 47:349. Taxpayers required to keep records; confidentiality
 * * *
 B. (1) Except as otherwise provided by law, the records and files of the collector or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment roles, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state. [Emphasis added.]
 R.S. 47:1508. Confidential character of tax records
 A. (1) Except as otherwise provided by law, the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment roles, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state. . . .
 (2) No person shall divulge or disclose any information obtained from any examination or inspection of the premises or property of any person in connection with the administration and enforcement of the tax laws of this state or a political subdivision of this state except to the taxing jurisdiction of his employment. . . .
 (3) Neither the secretary nor any employee engaged in the administration or charged with the custody of any such records or files shall be required to produce any of them for inspection or use in any action or proceeding, except in an action or proceeding in the administration or enforcement of the tax laws of this state or of a political subdivision.
 B. Nothing herein contained shall be construed to prevent:
 * * *
 (5) The furnishing, in the discretion of the secretary or a political subdivision, of any information disclosed by the records or files to any official person of another department or political subdivision of this state, . . . who is concerned with the administration of taxes . . . . In addition, information divulged under this Subsection shall only be given to an agency which has agreed in advance to respect the confidentiality of such information.
 * * *
 C. Whoever violates any provision of this Section by divulging information unlawfully shall be punished by imprisonment for not more than two years or fined not more than ten thousand dollars or both. [Emphasis added.]
 R.S. 47:1508.1. Unauthorized disclosure of information
 A. Any officer, employee, or agent or any former officer, employee, or agent of the state of Louisiana or of any political subdivision of the state who unlawfully discloses any information obtained from a return of a taxpayer or records and files of the secretary of the Department of Revenue, contrary to the provisions of R.S. 47:1508, shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than ten thousand dollars or be imprisoned for not more than two years, or both.
We turn now to the issues presented in your request. Parenthetically, it should be noted that the laws relating to the levy and collection of sales and use taxes generally provide that the tax shall be collected in the same manner and pursuant to the definition, practices and procedures set forth in R.S. 47:301
through 47:317, providing for the collection of state sales and use taxes. Attorney General Opinion No. 82-157. Further, the provisions contained in R.S. 47:1508 and 1508.1 have been held to be applicable to the Commission. Attorney General Opinion No. 93-173. We now direct our attention to your first question.
R.S. 33:2844.1(A) establishes the Commission as the "tax collector" for the Village. As such, it is the exclusive sales tax collection agent for the Village. Attorney General Opinion No. 92-107. The Commission has expressed concern that the disclosure of tax information to the Village, pertaining to businesses operating within same, may breach the confidentiality provisions contained in the statutes quoted hereinabove.
A review of Sections 1508 and 349(B)(1) of Title 47 discloses that the confidentiality of such records is not compromised when the information contained in same is disclosed ". . . in the administration and enforcement of the tax laws of this state or of a political subdivision of this state".
In Testa Distributing Co., Inc. v. Tarver, 584 So.2d 300
(La.App. 1st Cir. 1991), the First Circuit had occasion to examine this pertinent language in Section 1508, as it applied to the Secretary of the Department of Revenue and Taxation. The Court held:
 The meaning of `in the administration and enforcement of the tax laws of this state' is clear and unambiguous when the terms are given their usual significance and the phrase is considered in pari materia with other laws in this area. La. R.S. 1:3; La.C.C. Arts 11 and 13. Administration is defined as the act of managing or supervising the execution, use, or conduct of. Webster's Ninth New Collegiate Dictionary 57 (1984). Enforcement is defined as the act of putting something such as a law into effect; the carrying out of a mandate or command. Black's Law Dictionary, 474 (5th ed. 1979). La. R.S. 47:1502
states that the Secretary shall collect and enforce the collection of all taxes, penalties, interest and other charges that may be due under the provisions of Sub-title II of this title and administered the legislative mandates therein contained. Thus, the Secretary is empowered by law with enforcement and administration of the tax laws of this state. . . .
Based upon the statutory exceptions to the disclosure of tax information and the jurisprudence interpretive thereof, it is the opinion of this office that the Village, through its governing authority (i.e., the mayor and city council), has the right of access to information concerning the collection of its taxes. In accord is Attorney General Opinion No. 93-173. By receiving such information, the Village is bound by any and all statutory provisions regarding to confidentiality which attach thereto. We recommend that the Village acknowledge the confidentiality of the information it receives from the Commission, in writing.
In answer to your second question, the Village, through its governing authority, has the right to request that the Commission look into possible violations of tax ordinances by businesses located within the Village. It is our opinion that such requests should be filed with the Commission in accordance with the rules, regulations and procedures promulgated by the Commission for the taking of such complaints.
We answer your third question in the affirmative, citing the same reasons set forth in answer to your first question. The Commission member receiving the information from the staff would be subject to any and all statutory provisions relating to confidentiality.
We answer your fourth question in the affirmative. Further, in the event a Commission member desires that the Commission look into a possible violation of the tax ordinances within the jurisdiction represented by that Commission, the request should be submitted in accordance with the policies, procedures and rules promulgated by the Commission to handle such complaints.
We answer your final question in the negative, citing the same reasons expressed in our discussion of your first question.
As previously discussed, we are aware of the criminal provisions contained in R.S. 47:1508 and 1508.1 relative to unauthorized disclosure and, therefore, understand the hesitancy of the Commission to disclose tax information. In this regard, the Commission may wish to seek legislative clarification of R.S.47:1508 and 1508.1 and, In the alternative, a Petition for Declaratory Judgment, to protect its interests. Attorney General Opinion No. 93-173 and 92-594-A.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla